Jean Dufort **BAPTICHON**, Pla intiff-Cross-Claimant-Counter-Defendant-Appellant,

v.

**NEVADA STATE BANK**, Ronald Mulhall, Ian Clyne, Laura Doyle, Erik Kane Boyer, Ronald Plomgren, Richard Eberhart, Ronald Channels, Ron Carter, Yes Entertainment Network Inc., Tom Bosley, Defendants–Cross–Defendant–Appellees.

No. 04–4190–CV.

United States Court of Appeals, Second Circuit.

April 13, 2005.

Jean Dufort Baptichon, Richmond Hill, NY, for Plaintiff–Cross–Claimant–Counter–Defendant–Appellant, pro se.

Jeffrey T. Golenbock, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, N.Y. (Sydney R. Smith, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, NY, on the brief, and Gardner Jolly and Martin A Little, Jolley Urga Wirth & Woodbury, Las Vegas, NV), for Defen-

dant–Appellee Nevada State Bank, of counsel.

PRESENT: CALABRESI,
CABRANES Circuit Judges, and HALL, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Jean Dufort Baptichon ("Baptichon") appeals from an order of the district court (Garaufis, *J.*) granting Defendant–Appellee Nevada State Bank's motion to dismiss and denying Baptichon's motion to amend his complaint. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Because the decision of the district court was based on the report and recommendation of the magistrate judge (Mann, *M.J.*), and because Baptichon did not file any timely objections to the report and recommendation, notwithstanding due notice by the magistrate judge that "[f]ailure to file objections in a timely manner may waive a right to appeal the District Court order," Baptichon has waived his right to appeal. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir.2000) (holding that failure to object in a timely fashion to a magistrate judge's report and recommendation generally constitutes a waiver of the defaulting party's right to appeal, provided that the parties received clear notice of the consequences of their failure to object); *United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38–39 (2d Cir.1997); *see also Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam) (applying the waiver rule to *pro se* litigants). Because this waiver rule is non-jurisdictional, however, we may, in the interest of justice, excuse a party's failure to object. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d

Cir.1993); *see also Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Looking at the underlying claims in this case, we find no possibility of any injustice arising from our refusal to excuse Baptichon's failure to object.

We have considered all of Baptichon's contentions on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.